# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER S.C. FARLOUGH, | 1:07-01052 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| NICHOLAS DAWSON, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 23, 2007.

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). As stated, Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S Constitution. If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

In his petition, Petitioner does not challenge the validity of his conviction; rather, he challenges a disciplinary hearing resulting in a rules violation. Specifically, Petitioner contends that he was denied his right to have witnesses present at the hearing, and he was not appointed a

1 staff assistant in violation of his due process rights. (Petition, at 1-2.) Petitioner was found
2 guilty of refusal to report, and was assessed 40 hours of extra duty. (Rules Violation Report,
3 unenumerated exhibits attached to Petition.) The assessment of 40 hours of extra work duty has
4 no effect on the length of his incarceration. Accordingly, Petitioner's challenges do not rise to
5 the level of a constitutional violation.

6     Based on the foregoing, it is HEREBY RECOMMENDED that:

7     1.    The instant petition for writ of habeas corpus be DISMISSED; and

8     2.    The Clerk of Court be directed to enter judgment and terminate the action.

9     This Findings and Recommendation is submitted to the assigned United States District
10 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
11 the Local Rules of Practice for the United States District Court, Eastern District of California.
12 Within thirty (30) days after being served with a copy, any party may file written objections with
13 the court and serve a copy on all parties. Such a document should be captioned "Objections to
14 Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served
15 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
16 objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
17 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time
18 may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
19 Cir. 1991).

20

21 IT IS SO ORDERED.

22 **Dated:   August 16, 2007**            /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE
23
24
25
26
27
28